DREFS *et al. v.* WADSWORTH.

(*Supreme Court, General Term, Fifth Department.* April 13, 1892.)

VENDOR AND VENDEE—BONA FIDE PURCHASERS.

    Where grantees of land convey the land in fraud of their grantors to a person who at the time he received the deed had actual knowledge that the conveyance to his grantors was made conditionally, and that the entire consideration of their deed had failed, such person cannot, though not a party to the fraud, resist an action to set aside both deeds.

Appeal from special term, Erie county.

Action by Charles A. Drefs and another against Henry C. Wadsworth and others to set aside two deeds conveying lands. Judgment for plaintiffs. Defendant Wadsworth appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Henry C. Wadsworth, in pro. per. D. M. Silver,* for respondents.

MACOMBER, J. This action was brought to set aside the record of two deeds of conveyance of the lands described in the complaint, and to obtain possession of the premises. The first of these deeds was executed by the plaintiffs and one William C. Smith to David P. Stewart and George A. Otis, on the 9th day of July, 1887, and acknowledged on the 12th day of that month. The other one, being a quitclaim deed, was made by Stewart and Otis to the appellant, Henry C. Wadsworth, bearing date the 7th day of January, 1888, and acknowledged on the same day. In the month of February, 1887, the plaintiffs and one William C. Smith formed a copartnership under the firm name of the Le Roy Avenue Land Company, and as such firm bought a tract of land in the suburbs of the city of Buffalo, and called it "Kensington," and divided the same into lots for market. The lands described in the complaint were a portion of the Kensington tract. This land company, in the month of May, 1887, entered into a verbal contract with the defendants Stewart and Otis, by which it agreed to convey to the latter, who were doing business under the name of the Stewart Heater Company, the lands described in the complaint, and the purchasers agreed to construct a factory upon the lands so conveyed, and to carry on their manufacturing business in such factory for the period of three years after the erection of the building, which was to be done at once, in default of which the lands should revert to the Le Roy Avenue Land Company. The deed was accordingly given to the defendants Stewart and Otis, but the latter failed and refused to execute and deliver to the Le Roy Avenue Land Company the agreement in writing which they previously agreed to make. Stewart and Otis also failed and refused to build their factory upon the lands described. In violation of their agreement and of the condition upon which the deed had been delivered to them, Stewart and Otis, on the 7th day of January, 1888, conveyed these premises to the defendant Henry C. Wadsworth by deed, which Wadsworth procured to be recorded in the proper county clerk's office. The trial court has found as a fact that at the time of receiving this deed of conveyance the defendant Wadsworth had full knowledge as to the consideration of the conveyance of the premises by the Le Roy Land Company to the defendants Stewart and Otis, and of the failure and refusal of said Stewart and Otis to perform their agreement. Stewart and Otis, after receiving the deed from Wadsworth, built what is called the "Stewart Heater Company Buildings" upon such lands, and not upon those that had been conveyed to them by the plaintiffs.

There is but one disputed question of fact in the case, and that relates to the knowledge of the defendant Wadsworth of the consideration and condition upon which the conveyance of the plaintiffs had been delivered to Stewart and Otis, and of the failure of Stewart and Otis to perform their agreement. Without referring to the testimony of the defendant Wadsworth in detail, it ap-

pears that no other reasonable conclusion could have been reached by the learned trial justice, even had the case of the plaintiffs depended on it alone. The court has found that Stewart and Otis were guilty of fraud in their part of the transaction, by which they, in violation of the condition of their agreement with the plaintiffs, conveyed these lands to Wadsworth. Though it has not found, as against Wadsworth, the existence of any fraud, yet it has held him liable for receiving the deed of the lands when he had actual knowledge that the conveyance to his grantors was made conditionally, and that the entire consideration of the deed had failed. This finding was just and discriminating, for, in respect to motive and interest, there appears nothing against the appellant beyond a great anxiety to exploit his own lands lying in the same neighborhood, in which effort zeal of competition seems momentarily to have smothered his appreciation of the facts relating to the title of Stewart and Otis. We think also that the special term made a correct disposition of the question of costs, and that the judgment appealed from should be affirmed. Judgment appealed from affirmed, with costs. All concur.